UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARY MIECZKOWSKI,

                      Plaintiff,

        -against-

ANDREW SAUL,[1]
Commissioner of Social Security,

                      Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
18-CV-5224 (JMA)

FILED
CLERK
11/30/2020 10:25 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES**

Jeffrey Delott
Law Offices of Jeffrey Delott
366 North Broadway
Suite 410
Jericho, NY 11753
    *Attorney for Plaintiff*

Seth DuCharme
   Acting United States Attorney
Artemis Lekakis
   Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, NY 11201
    *Attorneys for Defendant*

**AZRACK, United States District Judge:**

      Plaintiff Mary Mieczkowski ("Plaintiff") seeks review of the decision of the Commissioner of Social Security (the "Commissioner") that she is not disabled for purposes of receiving benefits under Title II of the Social Security Act. The parties agree that remand is appropriate. However, they dispute whether on remand the Commissioner should calculate benefits or conduct further proceedings. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for judgment

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

1

on the pleadings, **GRANTS** the Commissioner's cross-motion, and **REMANDS** the case for further proceedings.

## I. BACKGROUND

### A. Procedural History

Plaintiff is a sixty-year-old former NYPD police lieutenant. (Tr. 30.)[2] She has not worked since July 2009, when she retired for "normal," nonmedical reasons. (Tr. 31.) On March 27, 2015, Plaintiff applied for disability insurance benefits, alleging a disability beginning on November 28, 2010.[3] (Tr. 74.) She claimed that she could no longer perform any full-time work because of fibromyalgia, carpal tunnel syndrome, and pain and fatigue in her back, neck, and shoulder. (Tr. 74.) After her claim was denied on September 5, 2015, Plaintiff requested an administrative hearing. On September 5, 2017, Administrative Law Judge ("ALJ") Andrew Weiss held a hearing, during which Plaintiff testified. (Tr. 26-72.) Amy Leopold, an impartial vocational expert, and Steven Golub, M.D., an impartial medical expert, were also called as witnesses. (Id.)

### B. The ALJ's Decision

On October 25, 2017, ALJ Weiss issued a written decision denying Plaintiff's claim. (Tr. 10-16.) He found that Plaintiff last met the insured status requirement of the Social Security Act on December 31, 2014 and that she did not engage in substantial gainful activity during the period from her alleged onset date of March 10, 2013 through her date last insured of December 31, 2014. (Tr. 12.) He also found that she had the severe impairments of degenerative disc disease, arthritis, carpal tunnel syndrome, and fibromyalgia, and that these medically determinable impairments "significantly limit the ability to perform basic work activities." (Id.)

---

[2] Citations to "Tr." refer to pages of the certified administrative record filed by the Commissioner. (ECF No. 20.)

[3] Plaintiff amended her onset date from November 28, 2010 to March 10, 2013 during her hearing before ALJ Weiss. (Tr. 29.)

Nonetheless, the ALJ determined that "[t]hrough the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments." (Id.)  Further, the ALJ found that Plaintiff had the residual capacity to perform the full range of light work.  (Tr. 14.)  The ALJ wrote that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record," including "the objective medical evidence." (Id.)  The ALJ gave "little weight" to the opinions of Plaintiff's physiatrist, internist, and physical therapist and "good weight" to the opinion of the non-examining medical expert. (Tr. 15.) Consequently, through the date last insured, Plaintiff was "capable of performing past relevant work as a police lieutenant," and this work "did not require the performance of work-related activities precluded by her residual functional capacity." (Tr. 16.)

Plaintiff subsequently requested that the Appeals Council review the ALJ's decision.  On September 10, 2018, the Appeals Council denied Plaintiff's request, thereby making the ALJ's decision the Commissioner's final decision.  (Tr. 1-6.)  This appeal followed.

## II. DISCUSSION

### A. Social Security Disability Standard

Under the Social Security Act, "disability" is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual is disabled when his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

3

experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The Commissioner's regulations set out a five-step sequential analysis by which an ALJ determines disability. 20 C.F.R. § 404.1520. The analysis is summarized as follows:

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

Burgess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2008) (second alteration in original) (quoting Green–Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003)). As part of the fourth step, the Commissioner determines the claimant's RFC before deciding if the claimant can continue in his or her prior type of work. 20 C.F.R. § 404.1520(a)(4)(iv). The claimant bears the burden at the first four steps; but at step five, the Commissioner must demonstrate "there is work in the national economy that the claimant can do." Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009); see also Campbell v. Astrue, No. 12-CV-5051, 2015 WL 1650942, at *7 (E.D.N.Y. Apr. 13, 2015) (citing Melville v. Apfel, 198 F.3d 45, 51 (2d Cir. 1999).

**B. Scope of Review**

In reviewing a denial of disability benefits by the SSA, the role of the district court is not to review the record de novo, but instead to determine whether the ALJ's conclusions "'are supported by substantial evidence in the record as a whole, or are based on an erroneous legal standard.'" Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (quoting Beauvoir v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401

(1971)). "'To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  Thus, the Court will not look at the record in "isolation but rather will view it in light of other evidence that detracts from it." State of New York ex rel. Bodnar v. Sec. of Health and Human Servs., 903 F.2d 122, 126 (2d Cir. 1990).  An ALJ's decision is sufficient if it is supported by "adequate findings . . . having rational probative force." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).

### C. Standard for Remand

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  See also Shalala v. Shaefer, 509 U.S. 292, 297 (1993).  The "reviewing court will order remand for further proceedings when the Commissioner failed to provide a full and fair hearing, made insufficient findings, or incorrectly applied the applicable laws and regulations. Kessler v. Comm'r Soc. Sec., No. 17-CV-4264, 2020 WL 1234199, at *5 (E.D.N.Y. Mar. 13, 2020) (citing Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999)). "Reversal and remand to the Commissioner for further proceedings is the usual remedy where an administrative record is incomplete or where an ALJ has applied an improper legal standard." McClain v. Barnhart, 299 F. Supp. 2d 309, 324 (S.D.N.Y. 2004).

In contrast, when "the reviewing court concludes that an ALJ's determination to deny benefits was not supported by substantial evidence, a remand solely for calculation of benefits may be appropriate." Gleaves v. Comm'r of Soc. Sec., No. 19-CV-7279, 2020 WL 4926180, at *12 (S.D.N.Y. Aug. 21, 2020) (citing Butts v. Barnhart, 388 F.3d 377, 386 (2d Cir. 2004), as amended

5

on reh'g in part, 416 F.3d 101 (2d Cir. 2005)). "If 'further administrative proceedings would serve no purpose'—such as where the record already 'provides persuasive proof of disability and the application of the correct legal standards could lead to only one conclusion'—'remand for the calculation of benefits is warranted.'" Wilms v. Saul, No. 18-CV-7283, 2020 WL 5763949, at *1 (E.D.N.Y. Sept. 28, 2020) (quoting Henningsen v. Comm'r of Soc. Sec. Admin, 111 F. Supp. 3d 250, 263 (E.D.N.Y. 2015).

### D. Application

Here, the parties agree that this case should be remanded, but they dispute whether calculation of benefits or further proceedings is appropriate on remand. While the ALJ's decision was not supported by substantial evidence, the application of the correct legal standards does not necessarily lead to the single conclusion that Plaintiff was disabled. Accordingly, this case is remanded for further proceedings.

As the Commissioner concedes, the ALJ's decision was flawed in several respects. (ECF No. 18 at 13-15.) First, the ALJ relied on incorrect dates at several points in his analysis. For example, the ALJ wrote that "the claimant did not stop working until March 2013." (Tr. 15.) In actuality, however, as Plaintiff testified and the record supports, the date she last worked was July 2009, when she retired. (Tr. 30-31.) Additionally, the ALJ's analysis of Dr. Moodhe's opinion considered an incorrect relevant time period. In weighing Dr. Moodhe's opinion, the ALJ wrote that because Plaintiff "is not alleging disability before 2010 and through 2013, it is clear that such limits [Dr. Moodhe found] did NOT apply." (Tr. 15.) However, the relevant time period that should have been considered was from Plaintiff's March 10, 2013 onset date until her December 31, 2014 date last insured.

The Commissioner further acknowledges several flaws in the weight the ALJ assigned to the opinions of Plaintiff's treating physicians. (ECF No. 18 at 13-15.) For instance, Dr. Moodhe, Plaintiff's internist, completed a medical source statement on June 15, 2015 after treating Plaintiff once in 2010, once in 2012, six times in 2014, and four times in 2015. (Tr. 293-95.) Dr. Moodhe opined that Plaintiff could lift/carry no more than fifteen pounds and was limited to one hour of sitting and one hour of standing/walking in an eight-hour workday. (Id.) Additionally, Plaintiff's pain frequently interfered with her attention and concentration, and she had occasional postural and manipulative limitations. (Id.) Ultimately, the ALJ afforded "little weight" to Dr. Moodhe's opinion, yet he failed to address the factors listed at 20 C.F.R. § 404.1527(c) either explicitly or in substance. Although "the ALJ is not required to discuss the factors explicitly, it must be clear from the decision that the proper analysis was undertaken." Calixte v. Colvin, No. 14-CV-5654, 2016 WL 1306533, at *24 (E.D.N.Y. Mar. 31, 2016) (citing Petrie v. Astrue, 412 F. App'x 401, 406 (2d Cir. 2011)).

Additionally, the Commissioner concedes that the ALJ "misunderstood or mischaracterized" the opinion of the impartial medical expert, Dr. Golub, when he afforded his opinion "good weight." (ECF No. 18 at 15.) The ALJ wrote that Dr. Golub "testified the medical evidence does not support a finding of any severe impairment between March 10, 2013 and December 31, 2014." (Tr. 15.) As the Commissioner admits, however, "Dr. Golub did not address the severity of Plaintiff's impairments nor did he opine as to Plaintiff's RFC." (ECF No. 18 at 15.) Additionally, Dr. Golub commented on medical evidence "not relevant to Plaintiff's disability claim." (Id.) In fact, the entirety of Dr. Golub's testimony regarding Plaintiff was:

> I didn't actually see very much in 9F [regarding irrelevant gastritis]. On April 15th she had a cervical, which revealed some disc bulging. No nerve root compression and mild degenerative disease, no stenosis. And then in that same month, 12-F, she had [inaudible] of the right shoulder, which shows a labral tear. Adhesive

7

> capsulitis. Adhesive tendinosis and an impingement syndrome. She underwent an arthroscopic surgery to correct that in August of that same year, 2015. And subsequent to that, on April 17th, there were records regarding physical therapy and that's all I have.

(Tr. 63.) When Plaintiff's counsel had the opportunity to cross-examine Dr. Golub after he offered this opinion, counsel asked him only for clarification regarding his specialties and certifications. (Tr. 64-67.) The pertinent regulations provide that more weight should typically be given "to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 416.927(c)(1). The ALJ's analysis does not provide support for why Dr. Golub was entitled to more weight than the sources who examined Plaintiff. In fact, Dr. Golub did not appear to have offered any opinion at all.

Nevertheless, despite these issues in the ALJ's analysis, the record does not lead the Court to the definitive conclusion that Plaintiff is disabled. In particular, the record contains treatment notes from Plaintiff's orthopedic surgeon, Dr. Charles Goodwin—"the only medical source who provided treatment records dated during the relevant period." (ECF No. 18 at 16.) Dr. Goodwin's June 10, 2013 notes documented that "she has tenderness in her lower lumbar spine," that her "[s]traight leg raising [was] normal," and that she was "[g]rossly neurologically intact." (Tr. 321.) His treatment plan included physical therapy, Flexeril, and potentially an x-ray of her lumbar spine at a future visit. (Id.) One month later, on July 13, 2013, Dr. Goodwin noted that Plaintiff's "[b]ack is much better" and x-rays of her lumbar spine "show minimal degenerative changes." (Tr. 320.) His plan was for her "to go on an exercise program for her back." (Id.) This contemporaneous evidence does not provide persuasive proof of disability.

Plaintiff, however, contends that the ALJ should have given more weight to Plaintiff's physiatrist, Dr. Kwan Jakobsen, who began treating Plaintiff on April 6, 2015. Dr. Jakobsen completed a medical source statement on June 24, 2015, that described Plaintiff as disabled and

8

unable to perform work in any job since November 28, 2010. (Tr. 291; 296-98.) Though this evidence might be persuasive, it is not contemporaneous with the period at issue, which ended on December 31, 2014. Other medical evidence to which Plaintiff points, such as extensive physical therapy records, certainly support her position, but they are not persuasive proof of disability such that application of the correct legal standards only leads to one conclusion. Accordingly, a remand for further proceedings, rather than a calculation of benefits, is appropriate.

### E. ALJ on Remand

The Commissioner asserts that on remand, this case should be assigned to the same ALJ. (ECF No. 18 at 16.) Plaintiff does not respond directly to this argument in her briefing, but states that negotiations with the Commissioner to avoid briefing the instant motions reached an impasse as to whether a different ALJ would be assigned on remand. (ECF No. 19 at 5.)

In assessing whether a different ALJ should be assigned on remand, courts in this district typically consider the following factors: "(1) a clear indication that the ALJ will not apply the appropriate legal standard on remand; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party." Sutherland v. Barnhart, 322 F. Supp. 2d 282, 292 (E.D.N.Y. 2004). None of these factors are applicable here. No hostility on the part of the ALJ has been alleged, and there is no indication that the ALJ will not apply the appropriate legal standard on remand in accordance with this Order. Accordingly, remand to a different ALJ is inappropriate.

9

### III.   CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for judgment on the pleadings and **GRANTS** the Commissioner's cross-motion. This action is remanded for further administrative proceedings, and the Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:  November 30, 2020
         Central Islip, New York

                                                        /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE